UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

JULIE R. POLAND,

        Debtor.

Chapter 13
Case No. 22-20054

### ORDER DENYING MOTION TO RECONSIDER

This matter came before the Court on debtor Julie R. Poland's motion seeking reconsideration of a May 11, 2022 order granting AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee ("AJX") relief from stay and in rem relief with respect to the Debtor's residence (Docket Entry ("D.E.") 26) (the "Stay Relief Order"). Ms. Poland did not object to the motion seeking relief from stay or appear at the preliminary hearing.

As a basis for seeking reconsideration, Ms. Poland contends that she first became aware of AJX's effort to obtain relief from the automatic stay on May 11, 2022, after the Court issued the Stay Relief Order. Although she alleges in her motion to reconsider that "there was [no] mention of [the motion] when I was reviewing the record at the Court with the clerk on May 2nd", the motion has appeared on the docket ever since AJX's counsel first filed it at 2:36 p.m. on April 27, 2022. Ms. Poland also asserts that the copy of the motion and notice of hearing did not arrive in her mail until May 11, 2022, although she acknowledges the package was postmarked April 29, 2022. The efficacy of this argument is undermined by the representation made by AJX's counsel at hearing that she had "tracked" service of the motion and could confirm that it had been completed in sufficient time to allow Ms. Poland to at least appear for the hearing. Further, as is indicated by Exhibit A of AJX's response to Ms. Poland's motion for reconsideration, the United States Postal Service tracking information reflects that AJX's motion for relief from stay and amended notice of hearing were delivered to Ms. Poland's postal box on April 29, 2022 and April 30, 2022.

This is the fourth bankruptcy case filed by Ms. Poland in this jurisdiction since November of 2018. The Court dismissed her first case, Chapter 13 Case No. 18-20630, after she failed to file documents. During the second case, Chapter 13 Case No. 19-20451, AJX sought relief from the automatic stay to proceed with foreclosure but the Court dismissed the case for failure to make plan payments before that motion was even heard. AJX resumed foreclosure proceedings post-dismissal but its efforts were derailed when Ms. Poland filed her third case, Chapter 7 Case No. 20-20278. After she received her discharge in that case, AJX's renewed efforts were again frustrated by the filing of this case on the eve of the foreclosure auction. Ms. Poland has not made any payments on her mortgage since July of 2016.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. Generally, requests for a court "to modify its earlier disposition of [a] case is generally considered as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). . . . [and a] court will alter its original order only if it evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations. Arsuaga-Garrido v. Mayorkas, 2022 WL 1268969, at *1–2 (D.P.R. Apr. 28, 2022) (internal citations and quotations). "Rule 59(e) relief is granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'" Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)

Against this legal and factual backdrop, Ms. Poland's arguments regarding defective service ring hollow. Rather, the Court views her motion for reconsideration as the latest in a long line of attempts to frustrate AJX's efforts to enforce its state law rights. For these reasons, the motion is hereby DENIED.

Dated: May 17, 2022 /s/ Peter G. Cary
Judge Peter G. Cary
United States Bankruptcy Court