UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**JULIE R. POLAND,**

Debtor.

Chapter 13
Case No. 22-20054

**TRUSTEE'S MOTION TO DISMISS CASE**

NOW COMES Andrew M. Dudley, Chapter 13 Trustee, and hereby moves to dismiss the above-captioned Chapter 13 case pursuant to 11 U.S.C. §§109(h) and 1307(c). In support of his Motion, the Trustee states:

**I.      FAILURE TO OBTAIN CREDIT COUNSELING**

1. Debtor filed this petition *pro se* on April 18, 2022 (docket #1). No Certificate of Credit Counseling was filed with the petition.

2. In Part 5, Item 15 of the petition, the Debtor indicated that she "asked for credit counseling serves from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement." No additional sheet was attached or filed separately providing the additional information required by her response (docket #1, page 5).

3. On May 16, 2022, Debtor filed a Certificate of Credit Counseling, stating that the Debtor had received online credit counseling required by 11 U.S.C. §109(h)(1) on April 25, 2022 (docket #30), seven days *after* the petition was filed.

4. Because the Debtor did not complete the required credit counseling within the 180 days prior to filing the petition, and has failed to obtain a waiver from this Court, she is not eligible to be a debtor under **any** Chapter of the U.S. Bankruptcy Code, pursuant to 11 U.S.C. §109(h)(1).

## II. FAILURE TO ATTEND §341(a) MEETING OF CREDITORS

5. Debtor's telephonic 11 U.S.C. §341(a) Meeting of Creditors ("341 Meeting") was held on June 3, 2022. The Debtor failed to appear and be examined under oath at that meeting contrary to 11 U.S.C. §343.

## III. FAILURE TO FILE A CONFIRMABLE PLAN

6. After repeated failures to file and notice out an appropriate plan and notice of confirmation hearing (see docket entries dated May 16, 2022 and May 23, 2022), Debtor filed a plan using the appropriate plan form on June 21, 2022 (docket #41). The Clerk of the Court filed a notice of hearing on behalf of the Debtor the same day (docket nos. 42 and 43).

7. The plan filed at docket #41 fails in the most basic requirements of 11 U.S.C. §1322(a)(1) as it fails to state a monthly plan payment amount or plan duration, and utterly fails to provide any treatment for any creditors, rendering the plan completely useless for purposes of a Chapter 13 reorganization.[1]

## IV. DEBTOR DOES NOT HAVE ANY EXCESS MONTHLY DISPOSABLE INCOME

8. Pursuant to Debtor's Schedules I and J (docket #31, pages 24-28), Debtor's monthly excess income is -$100.00. Since Debtor does not have any monthly excess income with which to make plan payments, Debtor is not eligible for Chapter 13 relief. Although Item 24 of Schedule J asserts "a small raise in August. Also looking for a part time job" (docket #31, page 28), there is no indication of what amount (if any) Debtor expects to receive from any raise or when Debtor will begin

---

[1] The Trustee notes that the plan at docket #41 also fails to include a plan payment start date. Pursuant to 11 U.S.C. §1326(a)(1), plan payments shall begin within thirty (30) days from the date the original Petition or Plan was filed, whichever date comes first. That being the case, Debtor's first plan payment was due May 18, 2022. However, the Debtor has failed to make a single plan payment, including an initial payment, which is also sufficient cause for dismissal pursuant to 11 U.S.C. §1307(c)(4).

receiving any additional income. Furthermore, such assertions are far too speculative to support confirmation of a plan under 11 U.S.C. §1325(a)(6), or even sufficient to allow Debtor to proceed in Chapter 13. *First Nat'l Bank of Boston v. Fantasia (In re Fantasia)*, 211 B.R. 420 (1st Cir BAP 1997).

9. Because the Debtor cannot meet the feasibility requirement of §1325(a)(6), Debtor cannot propose a confirmable plan. The continuation of this case would constitute an unreasonable delay by the Debtor that is prejudicial to creditors, and thus there is sufficient cause to dismiss pursuant to 11 U.S.C. §1307(c). *In re Merhi*, 518 B.R. 705, 719 (Bankr. E.D.N.Y. 2014); *In re Conrad*, 2020 WL 6811954 (Bankr. D. Conn. 2020).[2]

WHEREFORE, because the Debtor failed to obtain required credit counseling prior to filing the petition, failed to appear and be examined under oath at the scheduled 341(a) Meeting of Creditors, failed to file an appropriate Chapter 13 plan, and because she cannot propose a confirmable plan, the Trustee requests that this Court enter an order dismissing this case.

Date: June 21, 2022                               Respectfully Submitted:

*/s/Andrew M. Dudley*
ANDREW M. DUDLEY, Trustee
PO Box 429
Brunswick, Maine 04011-0429
(207) 725-1300

---

[2] The Trustee also notes that the Debtor received a Chapter 7 discharge in Case No. 20-20278 on November 5, 2020. The Chapter 7 petition was filed on July 17, 2020, which was within the 4-year period preceding the date of the petition in the present case. As a result, the Debtor ***cannot*** receive a Chapter 13 discharge in the present case pursuant to 11 U.S.C. §1328(f)(1).

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**JULIE R. POLAND,**

                    Debtor.

Chapter 13
Case No. 22-20054

## NOTICE OF HEARING - RESPONSE REQUIRED

The Chapter 13 Trustee has filed a **MOTION TO DISMISS CASE** with the United States Bankruptcy Court. A copy of the motion is enclosed with or attached to this notice.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not agree with the Trustee or if you want the Court to consider your views, you or your attorney must file a written response on or before **July 6, 2022**, setting forth your position and the action you wish the Court to take. The original should be filed with the **United States Bankruptcy Court, 537 Congress Street, 2nd Floor, Portland ME 04101**. If you mail your response to the Court for filing, you must mail it early enough so the Court will *receive* it by the date stated above. You must also mail a copy to the Chapter 13 Trustee at the address listed below, and any other parties in interest whose names and addresses appear on the certificate of service.

**A hearing will be held before the United States Bankruptcy Court, 537 Congress Street, 2nd Floor, Portland Maine, on July 13, 2022 at 9:00 a.m., or as soon thereafter as the case may be called. If you intend to participate in the hearing by telephone, you are required to register with CourtCall at 1-866-582-6878, no later than 3:00 p.m. the last business day prior to the hearing.**

If you or your attorney do not file a written response, the Court may decide that you do not oppose the Trustee's position and may enter an order granting the relief sought.

Dated: June 21, 2022

                                        */s/ Andrew M. Dudley*
                                        ANDREW M. DUDLEY, Trustee
                                        PO Box 429
                                        Brunswick, Maine 04011-0429
                                        (207) 725-1300

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>**JULIE R. POLAND,**<br><br>Debtor. | Chapter 13<br>Case No. 22-20054 |

## CERTIFICATE OF SERVICE FOR ELECTRONIC CASE FILING

I, **Andrew M. Dudley,** hereby certify that I caused a true and correct copy of the following document(s) to be served today on the parties listed below as follows:

**Document(s) Served:**
1. Motion to Dismiss;
2. Notice of Hearing; and
3. Proposed order.

**Service electronically via the Court's ECF system to**:

Stephen Morrell, Esq., Assistant U.S. Trustee
*All other parties listed on N.E.F. as being served electronically.*

Service by U.S. first class mail, postage prepaid, to:
JULIE R. POLAND
PO BOX 911
GRAY ME 04039
Pro Se Debtor

| | |
|---|---|
| Date: June 21, 2022 | */s/ Andrew M. Dudley*<br>ANDREW M. DUDLEY, Trustee<br>PO Box 429<br>Brunswick, Maine 04011-0429<br>(207) 725-1300 |